UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:16-cr-00080-APG-NJK |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT & RECOMMENDATION |
| ) | |
| JOHN PATRICK FLAHERTY, III, ) | |
| ) | (Docket No. 33) |
| Defendant. ) | |
| ) | |

This matter was referred to the undersigned Magistrate Judge on Defendant John Patrick Flaherty, III's Motion to Dismiss Indictment. Docket No. 33. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 33, 38, 39.

**I.    BACKGROUND**

On March 16, 2016, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of conspiracy to manufacture and distribute a controlled substance analogue, in violation of Title 21, United States Code, Section 846; and one count of possession with intent to distribute a controlled substance analogue, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Docket No. 1. Both counts specifically charge the substance as "5F-AKB48, a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802(32)..." *Id*. at 3.

. . . .

1         On December 8, 2017, Defendant filed a motion to dismiss the indictment as
2    unconstitutionally vague. Docket No. 33. Defendant submits that the Analogue Act, under which
3    he is charged, is facially void for vagueness "because it fails to give ordinary people fair notice of
4    the conduct it punishes and allows arbitrary enforcement." *Id*. at 2. In support of his argument,
5    Defendant compares the Analogue Act to the residual clause of the Armed Career Criminal Act
6    (ACCA), which the United States Supreme Court struck down in 2015. *Id*. at 5. *See Johnson v.*
7    *United States*, ____ U.S. ____, 135 S.Ct. 2551 (2015). Defendant further submits that now-Justice
8    Gorsuch recognized this "resemblance" when he was a Tenth Circuit judge. Docket No. 33 at 5-6.
9    *See also United States v. Makkar*, 810 F.3d 1139 (10th Cir. 2015). Therefore, Defendant contends,
10   the Analogue Act is void for vagueness, as is the ACCA's residual clause. Docket No. 33 at 6.

11        Defendant submits that the Analogue Act "fails to provide a person of ordinary intelligence
12   a reasonable opportunity to know what [substance] is prohibited," as no one can "consult a list or
13   compilation" of substances "in the United States Code or the Federal Register. *Id*. Therefore,
14   Defendant submits, a person must "guess" what the terms substantially similar, chemical structure,
15   and effect on the central nervous system mean, which causes the Analogue Act to violate the Due
16   Process Clause for failing to provide "actual notice to the ordinary person." *Id*. at 6-7. Defendant
17   further submits that, not only does the Analogue Act invite arbitrary enforcement, but the
18   Department of Justice "actually" engages in arbitrary enforcement of it. *Id*. at 7. Further, Defendant
19   contends, courts have applied various test and standards to determine "substantial similarity" under
20   the Analogue Act. *Id*. at 8. Defendant submits that inconsistency among the courts evidences that
21   the Analogue Act is void for vagueness. *Id*. at 9. Therefore, Defendant asks the Court to dismiss
22   the indictment in the instant case. *Id*. at 10.

23        In response, the United States submits that every court that has addressed this issue has found
24   that the analogue provision is not unconstitutionally vague. Docket No. 38 at 3. Although the
25   United States recognizes that the Ninth Circuit has not specifically addressed this issue, it cites to
26   district court decisions within the Circuit that reject vagueness challenges to the Analogue Act. *Id*.
27   at 4. Further, the United States submits that the United States Supreme Court has held that the
28   Analogue Act is not unconstitutionally vague "due to the scienter requirement." *Id*. at 4-5. *See also*

1  *McFadden v. United States*, ____ U.S. ____, 135 S.Ct. 2298 (2015). Further, the United States
2  submits that post-*McFadden* attempts to dismiss Analogue Act counts as void for vagueness have
3  failed. Docket No. 38 at 5. The United States contends that Defendant's reliance upon the Tenth
4  Circuit's analogy between the ACCA and the Analogue Act has been rejected by all courts that have
5  considered it. *Id*. at 6. Further, the United States submits that the Analogue Act provides sufficient
6  notice for an ordinary person to determine if a particular substance is in violation of the Act. *Id*. at
7  7. Finally, the United States submits that the Analogue Act, including its "substantially similar"
8  language, provides sufficient minimal standards to guide law enforcement officers and that it does
9  not invite arbitrary and discriminatory enforcement. *Id*. The United States contends that a published
10 list of substances banned by the Act is not necessary as the Act's purpose is to prohibit the
11 distribution of innovative drugs before they are specifically listed in the controlled substance
12 schedules, and a "reasonable layperson" could examine "a chemical chart to determine whether the
13 chemical structure of two substances is substantially similar." *Id*. at 8 (internal citation omitted).
14 Therefore, the United States asks the Court to deny Defendant's motion to dismiss the indictment.
15 *Id*. at 8.

16 In reply, Defendant agrees with the United States that neither the Ninth Circuit nor the
17 Supreme Court has decided whether the Analogue Act is unconstitutionally vague. Docket No. 39
18 at 2. Defendant submits, however, that now-Justice Gorsuch's "doubts about the analogue
19 provision's constitutionality" while he was a Tenth Circuit Judge in 2015 support the argument for
20 dismissal. *Id*. Defendant submits that *Johnson* also supports his argument for dismissal. *Id*.
21 Defendant further submits that the Analogue Act forces the factfinder to perform an *ad hoc*
22 comparison test as to whether an unlisted substance is substantially similar to a controlled substance
23 which, Defendant contends, is unconstitutional. *Id*. at 3-4. Defendant submits that the Analogue
24 Act's "failure to provide definitions or limiting examples adds to its vagueness." *Id*. at 5. He
25 contends that its use of "broad terms with no broad definitions and no limiting examples"
26 demonstrates that it is unconstitutionally vague. *Id*. at 6-7.

27 Defendant submits that the United States "does not dispute" that it "actually engages in
28 arbitrary enforcement of the Analogue Act." *Id*. at 7. Instead, Defendant contends that the United

1  States' contention that it is not required to publish a list of analogues "misconstrues the argument
2  and the due process inquiry." *Id*.  Defendant submits that the Analogue Act "is so shapeless that
3  courts apply widely inconsistent tests and standards." *Id*. at 8.  This sort of vagueness in a criminal
4  law, Defendant contends, cannot survive due process analysis. *Id*.  Therefore, Defendant asks the
5  Court to dismiss the indictment against him. *Id*.

## II.    ANALYSIS

Federal Rule of Criminal Procedure 12(b)(2) provides that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." A pre-trial motion to dismiss an indictment cannot be brought to challenge the merits of the case, and cannot be used as a device for a summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)

In determining a motion to dismiss an indictment, "a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). *See also United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment"). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it does not. There is no reason to conduct an evidentiary hearing." *Id*. *See also United States v. Sampson*, 371 U.S. 75, 78-79(1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense"). The "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected...." *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993).

### 1.    Analogue Act

In 1970, Congress enacted the Controlled Substance Act ("CSA"), 84 Stat. 1242, as amended, 21 U.S.C. §§ 801 *et seq*, which places restrictions on the possession and distribution of

- 4 -

various substances found to pose a danger to the health and general welfare of the nation. *Touby v. United States*, 560 U.S. 160, 162 (1991). The CSA "establishes five categories or 'schedules' of controlled substances, the manufacture, possession, and distribution of which the [CSA] regulates or prohibits." *Id*. Schedule I substances are those that are believed to pose the most serious threat to public safety and, therefore, carry the most severe penalties when they are involved in violations. *Id*. Section 201(a) of the CSA authorizes the Attorney General to add or remove substances, or to move a substance from one schedule to another. 21 U.S.C. § 811(a).

The Analogue Act was added to the Controlled Substances Act of 1986 and it provides that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated for the purpose of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. The Analogue Act defines the term controlled substance analogue as follows:

> Except as provided in subparagraph (C), the term "controlled substance analogue" means a substance—
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II; (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or (iii) with respect to a particular person, which person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

Thus, in order to establish a violation of the Analogue Act, the government must prove the following essential elements:

> (1) substantial chemical similarity between the alleged analogue and a controlled substance; (2) actual, intended, or claimed physiological similarity (in other words, that the alleged analogue has effects similar to those of a controlled substance or that the defendant intended or represented that the substance would have such effects); and (3) intent that the substance be consumed by humans.

*United States v. Carlson*, 810 F.3d 544, 550 (8th Cir. 2016). Simply put, the government must prove both chemical similarity and similarity as to pharmacological effect on the human body when consumed. *United States v. Sloan*, 2016 WL 6989768, at *4–5 (E.D. Mo. Sept. 23, 2016), report and

1  recommendation adopted, 2016 WL 6962825 (E.D. Mo. Nov. 29, 2016).

2  The Supreme Court has explained that the government may prove a defendant knowingly
3  distributed a controlled substance analogue in violation of the Analogue Act in two ways. *See*
4  *McFadden v. United States*, ____ U.S. ____, 135 S.Ct. 2298, 2305 (2015). First, the government
5  may demonstrate that the "defendant knew that the substance with which he was dealing [was] some
6  controlled substance—that is, one actually listed on the federal drug schedules or treated as such by
7  operation of the Analogue Act—regardless of whether he knew the particular identity of the
8  substance." *Id*. Alternatively, the government may satisfy a two-part test to prove that the defendant
9  knew that the analogue he was dealing with (1) had a chemical structure that was substantially
10 similar to a controlled substance, and (2) had similar effects to a controlled substance or the
11 defendant represented or intended it to have those effects. *See id*.

**2.  Vagueness**

13  Defendant argues that the Analogue Act is void for vagueness. In support of his argument,
14  he submits that the Act fails to provide fair notice, and that the Act allows arbitrary enforcement.

15  The concept of unconstitutional vagueness arises from due process norms. See U.S. CONST.
16  amend. V; *Welch v. United States*, ____ U.S. ____, 136 S.Ct. 1257, 1261–1262 (2016) (observing
17  that the void-for-vagueness doctrine is grounded in the Fifth Amendment with regard to the federal
18  government). It prevents the government from imposing sanctions under a criminal law that fails
19  to give fair notice of the proscribed conduct. *See Johnson v. United States*, ____ U.S. ____, (2015).
20  *See also Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983) ("[T]he void-for-vagueness doctrine
21  requires that a penal statute define the criminal offense with sufficient definiteness that ordinary
22  people can understand what conduct is prohibited and in a manner that does not encourage arbitrary
23  and discriminatory enforcement").

24  "A statute is void for vagueness when it does not sufficiently identify the conduct that is
25  prohibited." *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1995). Relatedly, the doctrine
26  safeguards against arbitrary or discriminatory enforcement by the government. *See FCC v. Fox*
27  *Television Stations, Inc.*, 567 U.S. 239, 252–54 (2012). Still, due process recognizes that because
28  we are "[c]ondemned to the use of words, we can never expect mathematical certainty" in legislative

draftsmanship. *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972). Ultimately, the inquiry is whether the law "forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application[.]" *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926).

While the parties correctly note that the Ninth Circuit has not yet weighed in on the matter in a published case[1], every Circuit Court that has addressed the issue has found that the Analogue Act is not unconstitutionally vague. *See United States v. Turcotte*, 405 F.3d 515, 531–32 (7th Cir.2005) (citing cases in five other circuits). Further, at least one Circuit Court has found that *McFadden* held that the Analogue Act is not unconstitutionally vague. "The Supreme Court recently determined in *McFadden v. United States* that the Analogue Act is not unconstitutionally vague because the statute's 'knowingly or intentionally' scienter requirement alleviates vagueness concerns by 'narrow[ing] the scope of its prohibition, and limit[ing] prosecutorial discretion.'" *Carlson*, 810 F.3d at 550-551 (citing *McFadden,* ____ U.S. ____, 135 S.Ct. 2298, 2307).

Further, the same argument Defendant raises regarding the Supreme Court's decision in *Johnson* and the Tenth Circuit's dictum in *Makkar* was rejected by the district court in *United States v. Reulet*, 2016 WL 7386443 (D. Kan. December 21, 2016). That Court noted that several circuits have reached this issue, and all have rejected it. *Id*. at *3 (collecting cases). Further, the *Reulet* Court found that,

> in *Johnson*, the Supreme Court specifically distinguished between the type of ambiguity in 21 U.S.C. § 802(32)(A) and the "serious potential risk" standard used by the ACCA's residual clause. The residual clause of the ACCA required a court to assess whether a crime qualified as a violent felony "'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson*, 135 S. Ct. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). The Court noted that "[i]t is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." *Id*.

---

[1] In an unpublished case, the Ninth Circuit has found the Analogue Act not unconstitutionally vague where the district court required the government to prove that the defendant "knew he was dealing with controlled substance analogues." *United States v. Lane*, 616 Fed.App'x. 328, 329 (9th Cir. 2015) (unpublished). The Court held that "[t]his scienter requirement 'alleviate[s] vagueness concerns.'" *Id*. (citing *McFadden*, 135 S.Ct. at 2307). The Court further noted that the circuit courts "considering this issue have unanimously held that the CSA's Analogue Provision is not unconstitutionally vague." *Lane*, 616 F.App'x. at 329 (citing *Turcotte*, 405 F.3d at 531).

> The crimes charged in this case do not require the factfinder to apply an imprecise standard to an abstraction. Rather, the jury will apply the Analogue Act's statutory factors to the "real-world" facts of the evidence presented in this case. Ms. Reulet's argument that the Analogue Act is unconstitutionally vague is not a sound one.

*Reulet*, 2016 WL 7386443, at *4.

This Court agrees with the reasoning set forth in *Carlson* and *Reulet*. For the same reasons set forth in those cases, the Court finds that the "knowingly or intentionally" scienter requirement in the Analogue Act, as discussed in *McFadden* and *Carlson,* demonstrates that the Act is not unconstitutionally vague. The Court further rejects Defendant's argument that *Johnson* and *Makkur* compel a finding of unconstitutional vagueness.

Defendant further submits that the Analogue Act provides no actual notice to the ordinary person to determine if a particular substance is a controlled substance analogue. Defendant submits that neither the Analogue Act nor the Controlled Substances Act defines the terms "substantially similar," "chemical structure," or "effect on the central nervous system." As a result, Defendant submits, an individual must guess what those terms mean.

United States Magistrate Judge George W. Foley, Jr. found that the Analogue Act is not unconstitutionally vague because it does not define the above terms. *See United States v. Johnson*, 2014 WL 7330935 (D. Nev. July 31, 2014), report and recommendation adopted, 2014 WL 7330936 (D. Nev. Dec. 19, 2014). In rejecting the vagueness challenge, Judge Foley cited *United States v. Lane*, 2013 WL 3199841, at *7 (D. Ariz. June 24, 2013), which stated:

> Courts have found, however, that the relevant inquiry for purposes of the Analogue Act is how an ordinary person would interpret those terms, not how they might be technically defined. The Eighth Circuit found in [*United States v.*] *McKinney* that a reasonable layperson could decide by comparing the chemical diagrams of two substances whether their structures were substantially similar for purposes of the Analogue Act. [79 F.3d 105, 108 (8th Cir. 1996)]. The Fourth Circuit followed *McKinney*'s reasoning in [*United States v.*] *Klecker*, [348 F.3d 69, 72 (4th Cir. 2003)], which found that, notwithstanding other important differences pointed out by the experts, the structural similarities between two substances represented by chemical diagrams were sufficient "to put a reasonable person on notice that Foxy might be regarded as a DET analogue." As the Fifth Circuit concluded in [*United States v.*] *Granberry*, [916 F.2d 1008 1010 (5th Cir. 1990)], the definition of a controlled substance analogue is stated "in terms readily comprehensible to the ordinary reader" and therefore "provides adequate notice of what conduct is prohibited."

1 *Johnson*, 2014 WL 7330935, at *3. "Given the unanimity of the courts of appeal that have addressed
2 the issue," *id*., this Court finds that the Analogue Act is not unconstitutionally vague for failing to
3 provide fair notice. *See also Reulet*, 2016 WL 7386443, at *4.

4 Finally, Defendant submits that the Analogue Act invites arbitrary enforcement. Defendant's
5 argument relies upon *Kolender v. Lawson*, 461 U.S. 352, 362 (1983) and *United States v. Forbes*,
6 806 F.Supp. 232, 237 (D. Colo. 1992). This argument, too, has been addressed and rejected by other
7 courts.

8 In *Kolender*, the Supreme Court nullified as unconstitutionally vague a statute that required
9 a *Terry* stop suspect provide "credible and reliable" identification. *Kolender*, 461 U.S. at 362. The
10 court found that the "credible and reliable" identification requirement "necessarily entrust[s]
11 lawmaking to the moment-to-moment judgment of the policeman on his beat." *Id*. at 360 (internal
12 citation omitted). The Court found that this requirement furnished a "convenient tool for 'harsh and
13 discriminatory enforcement by local prosecuting officials.'" *Id*. (internal citation omitted).

14 *Forbes* held "that the definition of controlled substance analogue as applied to AET under
15 the unique facts here is unconstitutionally vague." 806 F.Supp. at 239. However, *Forbes* is not
16 binding on this Court and, as that court recognized, is factually specific to the substances at issue in
17 that case, an antidepressant that was sold for many years by the Upjohn Chemical Company before
18 being taken off the market due to its toxic side effects, but which remained available for purchase
19 from two chemical manufacturers and was allegedly purchased and delivered to the defendants
20 through the U.S. mail. *Id*. at 233. Defendants' reliance on *Forbes*, which is the only case to ever
21 find the Analogue Act void for vagueness under any circumstance, is therefore misplaced.

22 Defendant asserts that the term "substantially similar" invites the same kind of arbitrary and
23 discriminatory enforcement under the Analogue Act that the Court condemned in *Kolender* and
24 *Forbes*.

25 The Analogue Act "is aimed at prohibiting innovative drugs before they are specifically listed
26 in the schedules as controlled substances," because "manufacturers of illegal drugs have become
27 adept at tinkering with the molecular structure of controlled substances while retaining the effects
28 that those substances produce." *United States v. McKinney*, 79 F.3d 105, 107 (8th Cir. 1996).

Further, a "requirement that the Government identify and label each analogue individually before a prosecution could be pursued would essentially eviscerate the analogue statute, and such an argument has been repeatedly rejected by federal courts[.]" *United States v. Hawkins*, 2016 WL 1390005, at *3 (W.D. Mo. April 7, 2016).

*Klecker* held that the Analogue Act's requirement that the analogue substance be intended for human consumption defeated any vagueness challenge based on the potential for arbitrary enforcement. 348 F.3d at 71 (internal citation omitted). Further, *Carlson* held that *McFadden* found that the Analogue Act is not unconstitutionally vague because the statute's 'knowingly or intentionally' scienter requirement alleviates vagueness concerns by 'narrow[ing] the scope of its prohibition, and limit[ing] prosecutorial discretion.'" 810 F.3d at 550-551 (citing *McFadden*, ____ U.S. ____, 135 S.Ct. 2298, 2307). This Court agrees. *See also Reulet*, 2016 WL 7386443; *United States v. Johnson*, 2014 WL 7330936 (D. Nev. Dec. 9, 2014) (Navarro, C.J.).

### III. CONCLUSION

Accordingly,

Based on the foregoing and good cause appearing therefore,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Indictment (Docket No. 33) be **DENIED**.

DATED this 2nd day of February, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

1  (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).